UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON M. DAY | : |
| | :     PRISONER |
| v. | : CASE NO. 3:05CV1581(MRK) |
| | : |
| THERESA C. LANTZ, et al. | : |

RULING AND ORDER

On December 15, 2005, the court denied plaintiff's application to proceed in forma pauperis on the ground that he was barred from proceeding without prepayment of the filing fee under the "three strikes" provision of 28 U.S.C. § 1915(g).  (See Doc. #4.)  Plaintiff has filed two motions seeking reconsideration of that ruling.  For the reasons that follow, the motions are denied.

Rule 9(e)1, D. Conn. L. Civ. R., provides that a motion for reconsideration must be filed and served within ten days of the date of the decision from which relief is sought.  Thus, plaintiff's motion should have been filed on or before January 3, 2006.  Both motions bear a date of January 5, 2006.  Thus, the court considers the motions could not have been filed any earlier than January 5, 2006, the earliest date upon which the motion could have been given to prison officials for mailing.  See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (Second Circuit has

held that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)).  The motions did not reach the court until January 12, 2006, and January 17, 2006.  Thus, the motions were filed at least two days late.[1]  Accordingly, the motions for reconsideration are denied as untimely.

Even if the motion were timely filed, however, it should be denied.  Plaintiff argues that the court mischaracterized his claims and failed to state in its ruling that he also brings

---

[1] The court notes that Rule 6(e), Fed. R. Civ. P., provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period."  Here, however, the local rule requires that the motion for reconsideration be filed "within ten (10) days of the date of the filing of the decision or order from which such relief is sought. . . ."  D. Conn. L. Civ. R 9(e)1. Thus, because the time period does not commence upon service of the decision or order, the three day grace period is not applicable.  See FHC Equities, L.L.C. v. MLB Life Assurance Co., 188 F.3d 678, 681-82 (6th Cir. 1999) (holding that the three-day mail provision of Rule 6(e) is not applicable to a motion pursuant to Rule 59(e) and does not extend the ten-day time period under that rule because the time limitation commenced with entry of judgment, not service of same)(citing cases); American Tel. & Tel. Co. v. United Research Labs., Civ. A. No. 93-5347, 1994 WL 585924, at *1 (E.D. Pa. Oct. 14, 1994) (holding that additional three days provided by Rule 6(e) did not apply to motion for reconsideration where local rule provided that time period commenced on entry of judgment or order not service of same).  See also In re Colonial Realty Co., 216 B.R. 323, 325 (D. Conn. 1997) (distinguishing Fed. R. Civ. P. 6(e) and Fed. R. Bankr. P. 9006(f) from D. Conn. L. Civ. R. 9(e) because the former apply when a time period commences after service of a notice or paper, not after entry of an order).

claims for denial of due process and state claims regarding a statute of limitations.  Even considering these additional claims, the case does not fall within the exception in section 1915(g) permitting a prisoner who is "under imminent danger of serious physical injury" to proceed in forma pauperis regardless of the number or prior strikes.  28 U.S.C. § 1915(g). Accordingly, the motion to proceed in forma pauperis still should be denied.

Plaintiff's motions for reconsideration [**docs. #5 & #6**] are **DENIED**. Plaintiff is directed to tender the filing fee on or before **March 10, 2006.**  If the court has not received the $250.00 filing fee by that date, the case will be dismissed.

**SO ORDERED** this 23rd day of February, 2006, at Bridgeport, Connecticut.

```
            /s/
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```